IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEXOR MANUFACTURING LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-CV-1933-N |
| | § | |
| LURACO, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

This Order addresses Defendants Luraco, Inc. and Luraco Health & Beauty LLC's ("Luraco") first and second amended motion seeking leave to add cross defendants [29], [33]. The Court determines that good cause exists to grant leave. Accordingly, the Court grants the second amended motion. The Court directs the parties to confer regarding a new scheduling order and to submit an agreed order consistent with the Court's form. If the parties cannot agree, each party must submit their respective proposal with the Court within twenty-eight (28) days. The Court denies the first amended motion as moot.

## I. ORIGINS OF THE MOTION

This is a patent infringement case. Plaintiff Lexor Manufacturing LLC ("Lexor") alleged that Luraco infringed Patent No. RE46,655 (the "'655 Patent"). Luraco asserted a counterclaim, alleging that Lexor infringed Patent No. 9926933 (the "'933 Patent"). The Court then stayed this action in its entirety pending *inter partes* review of the patents at issue. The Court issued a Scheduling Order on September 11, 2020. *See* Scheduling Order [27]. Under this Scheduling Order, the parties were required to file motions for leave to

ORDER – PAGE 1

join additional parties within 90 days and motions for leave to amend pleadings within 180 days. The Scheduling Order specifically notes that motions for leave to amend pleadings after the deadline "must show good cause pursuant to Rule 16(b)." Thus, the last day to move to join additional parties was December 10, 2020, and the last day to move to amend pleadings under Rule 15(a) was March 10, 2021. Luraco's filed its initial motion on January 11, 2021. Luraco's filed its second amended motion on February 17, 2021. Luraco seeks leave to file an amended complaint with additional parties Ecojet, Inc. and Lexor, Inc., as well as four additional patents.

## II. LEGAL STANDARDS FOR MOTIONS FOR LEAVE

The Scheduling Order provides that the parties must file any motions for leave to amend within 180 days of the Order. Otherwise, parties must show good cause pursuant to Rule 16(b). *Id.* In order to find good cause, the Court looks to four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003) (internal quotations omitted). The district court has broad discretion in deciding whether to allow a party to amend after the scheduling order deadline has expired. *See id.* The Court may consider the factors holistically. *Johnson v. Karr*, No. 3:16-CV-1563-D, 2017 WL 2362043, at *5 (N.D. Tex. May 31, 2017).

If good cause exists, then the Court determines whether to grant leave under the more liberal standard of Rule 15(a)(2). *S&W Enters., L.L.C.*, 315 F.3d at 536. Rule

ORDER – PAGE 2

15(a)(2) mandates that the Court grant leave "when justice so requires." FED. R. CIV. P. 15(a)(2). The Court may deny leave when a party acts with undue delay, in bad faith, or with a dilatory motive. *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). But Rule 15(a)(2) creates a strong presumption in favor of granting leave to amend, and the Court must do so, "unless there is a substantial reason to deny" leave. *Id.*

### III. THE COURT GRANTS THE MOTION FOR LEAVE

The Court determines that good cause exists to grant leave. Luraco claims that its failure to timely move for leave to amend is due to a calendaring issue. This alone is insufficient to justify granting leave. Nonetheless, the Court finds the delay acceptable in light of the fact that Ecojet, Inc. and Lexor, Inc. began operations in Texas only recently.[1] Moreover, the Court finds the amendments important to the resolution of this case. Luraco seeks, through its amendment, the joinder of two additional parties owned by Christopher Luong, the owner of Lexor. Luraco alleges that Luong is utilizing the three corporations in a network to engage in patent infringement of the relevant patents at issue. The Court determines that the inclusion of the additional parties and patents will enable a more efficient resolution of the dispute between the parties. While the addition of new parties and new patents to this suit may complicate and prolong litigation, Lexor has not demonstrated that granting this motion would be unduly prejudicial. The Court determines that good cause exists to grant leave to amend. Because Federal Rule of Civil Procedure

---

[1] Lexor, Inc. filed its certificate of formation in March 2020, and Ecojet, Inc. filed its certificate of formation in February 2021.

ORDER – PAGE 3

15(a)(2) creates a strong presumption of granting leave to amend, the Court grants the motion.

## CONCLUSION

The Court grants Luraco's second amended motion for leave to amend and directs the parties to confer regarding a new scheduling order and to submit an agreed order consistent with the Court's form. If the parties cannot agree to a scheduling order, each party must submit their respective proposed scheduling order with the Court within twenty-eight (28) days. The Court denies the first amended motion as moot.

Signed April 22, 2021.

_____
David C. Godbey
United States District Judge

ORDER – PAGE 4