UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEXOR MANUFACTURING, LLC,<br>Plaintiff,<br><br>v.<br><br>LURACO, INC. AND<br>LURACO HEALTH & BEAUTY, LLC,<br>Defendants,<br><br>v.<br><br>ECOJET, INC., LEXOR, INC.,<br>Cross-Defendants. | §§§§§§§§§§§§§§§§ | Case No. 3:18-CV-01933-S |

## AGREED PROPOSED SCHEDULING ORDER

Pursuant to this Court's Order [Doc 37] the parties in the instant case file this *Agreed Proposed Scheduling Order* for the Court's consideration.

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Local Rules of this Court ("LR"), and the Civil Justice Expense and Delay Reduction Plan for the Northern District of Texas, and subject to the requirements of Miscellaneous Order No. 62 ("MO62"), the Court orders as follows:

1. Any motions for leave to join additional parties must be filed within 90 days of the date of this Order. Any motion for leave to amend pleadings under Rule 15(a) must be filed within 180 days of this Order. Any motion for leave to amend

pleadings after that date must show good cause pursuant to Rule 16(b). The pendency of a Rule 12 motion to dismiss does not stay the case unless the Court explicitly so orders.

2.  At least fifteen days before filing the joint claim construction statement required in MO62 ¶ 4-3, the parties shall conduct a preliminary mediation; all parties must attend the mediation in person; legal entities must provide a representative with full authority; if there is insurance per Rule 26(a)(1)(D), a representative with full authority must attend in person; the parties and mediator may by agreement waive the requirement of attending in person; the parties may eliminate or delay mediation by agreement; and the parties should promptly advise the court if they are unable to agree on a mediator.

3.  Discovery regarding claims of inequitable conduct and patent misuse shall be provided concurrently with that regarding invalidity pursuant to MO62 ¶¶ 3-3 through 3-7. A party may object to discovery requests directed toward claims of inequitable conduct and patent misuse (or may decline to provide information in its initial disclosures under Fed. R. Civ. P. 26(a)(1)) on the ground they are premature in light of the timetable provided in this Order and MO62.

4.  Discovery regarding opposition to claims of invalidity, inequitable conduct, and patent misuse shall be provided within forty-five days of service of preliminary invalidity contentions pursuant to MO62 ¶ 3-3. A party may object to

discovery requests directed toward oppositions to claims of invalidity, inequitable conduct and patent misuse (or may decline to provide information in its initial disclosures under Fed. R. Civ. P. 26(a)(1)) on the ground they are premature in light of the timetable provided in this Order and MO62.

5. Following initial disclosure of damage pursuant to Fed. R. Civ. P. 26(a)(1)(C), discovery regarding damages is stayed until thirty days from the date the Court's claim construction ruling is filed.

6. Information regarding willfulness pursuant to MO62 ¶ 3-8 shall be provided within fifty days from the date the Court's claim construction ruling is filed.

7. To facilitate orderly preparation for trial, the Court has established an expedited discovery hearing docket on Monday afternoons. Any party may request expedited hearing of a discovery dispute. Requests must be made by separate letter to the Court's Judicial Assistant, Donna Hocker Beyer, and must be received at least ten (10) days prior to the requested docket; requests may be made concurrently with filing the motion. If the matter is set on the expedited docket, the Court will advise the parties of applicable procedures by separate order. Seeking relief from the Court on discovery disputes prior to conducting a meaningful, substantive conference with the opposing party is **STRONGLY** discouraged. A otion or objection to the taking of a deposition that is filed within three business ays of the notice has the effect of staying the deposition pending court order on the

motion or objection; otherwise the deposition will not be stayed except by court order.

8. The Court may, by separate order, set a hearing on claim construction issues.

9. For purposes of MO62 and this Scheduling Order, the date of this Order is deemed the filing date.

10. Following filing of the Court's ruling regarding claim construction, the Court will by separate Order set the case for trial and address any further pretrial scheduling issues.

Signed _____, 2020.

_____
United States District Judge

Respectfully submitted,

Warren V. Norred
NORRED LAW, PLLC
515 E. Border; Arlington, TX 76010
817-704-3984
wnorred@norredlaw.com
*Attorney for Defendants/Counter-Plaintiffs*

Andy Nikolopoulos
State Bar No. 24044852
anikolopoulos@foxrothschild.com
FOX ROTHSCHILD LLP
Two Lincoln Centre
5420 LBJ Freeway, Suite 1200
Dallas, Texas 75240
972/991-0889
972/404-0516-Fax

Jeff Grant *(Pro hac vice)*
jgrant@foxrothschild.com
FOX ROTHSCHILD LLP
10250 Constellation Blvd.
Suite 900
Los Angeles, CA 90067
310/228-4483
310/556-9828 - Fax
*Attorneys for Plaintiff Lexor Manufacturing, LLC*

**CERTIFICATE OF SERVICE** - I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Electronic Service List for this Case.

Dated:  May 20, 2021                                /s/Warren V. Norred
                                                    Warren V. Norred