UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS - DALLAS DIVISION

| | | |
|---|---|---|
| LEXOR MANUFACTURING, LLC, § <br>   Plaintiff, § <br> § <br> v. § <br> § <br> LURACO, INC. AND LURACO § <br> HEALTH & BEAUTY, LLC, § <br>   Defendants, § <br> § <br> v. § <br> § <br> ECOJET, INC., LEXOR, INC. § <br>   Cross-Defendants § | | Case No. 3:18-CV-01933-S <br><br><br> JURY TRIAL DEMANDED |

## COUNTER-PLAINTIFFS LURACO, INC.'S
## *AMENDED* MOTION TO AMEND COMPLAINT
## (BRIEF INCORPORATED)

Counter-Plaintiff Luraco Health & Beauty, LLC here seeks leave to amend its complaint to add two patents in response to newly discovered infringing products, requiring an amendment to the Scheduling Order (Doc. 27, "Order").

Lexor is aware of the content and new patents, and these new infringing products have only been found recently -- good cause exists to amend under Rule 16(b). *This amended motion is filed to correct the prayer in the proposed counter-complaint and seek damages based on all the infringed patents.*

Luraco seeks to add US Patent Nos. US 10,278,894 and 10,451,071 after the August 25, 2021, deadline based on good cause pursuant to Rule 15(a)(2) and Rule 16(b)(4). The proposed amended counter-complaint and appendix is attached.

A. <u>LEGAL AUTHORITY and FACTUAL BACKGROUND</u>

1. On May 28, 2021, this Court issued an Agreed Scheduling Order (Doc. 39) which provided a deadline of 180 days from the Order to amend pleadings under Rule 15(a), setting the deadline on August 25, 2021. The Order allowed any motion for leave to amend pleadings after that date must show good cause pursuant to Rule 16(b).

2. The good cause standard requires the "party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." 6A Charles Alan Wright *et al.*, Federal Prac. and Procedure § 1522.1 (2d ed. 1990); *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama*, NA, 315 F.3d 533, 535 (5th Cir. 2003).

3. Discovery of new information during discovery may constitute good cause warranting untimely supplementation of patent infringement plaintiff's disclosure of asserted claims. *See STMicroelectronics, Inc. v. Motorola, Inc.,* 307 F. Supp. 2d 845, 852 (E.D. Tex. 2004).

4. Luraco has attached the proposed Second Amended Motion and appendix.

B. <u>Good cause supports Luraco's motion to bring additional patents</u>

5. Good cause supports a grant of this motion under Rule 16(b)(4), as newly discovered infringing products require the addition of the two new patents. *See Declaration of Tom Le; STMicroelectronics, Inc.* 307 F. Supp. 2d at 852.

6. The two additional patents for which Luraco seeks damages are part of the infringement claims by Luraco against the three Luong-owned firms. Good cause supports one suit to resolve all these claims.

7. Luraco discovered these new infringing products only in November 2021, as a Ecojet Rep's began to offer the new Ecojet shaftless model. *See* Exhibit 9 of Luraco's Second Amended Complaint, incorporated by reference.

8. As shown below, the parties discussed adding new patents; Lexor's attorney was notified in the first numbered point below that these new patents will be added as Lexor and Ecojet began selling these new infringing products in Texas.

> On Wed, Nov 17, 2021 at 4:54 PM Warren Norred <wnorred@norredlaw.com> wrote:
>
> Jeff,
>
> It appears to me that Ecojet is selling a new pump that is infringing two Luraco pumps that are not currently part of the litigation:
>
> https://www.ebay.com/itm/133832345619?_trkparms=amclksrc%3DITM%26aid%3D1110006%26algo%3DHOMESPLICE.SIM%26ao%3D1%26asc%3D20200818143230%26meid%3De6c3f0af01574d6a8e5bcf4f6526add1%26pid%3D101224%26rk%3D3%26rkt%3D5%26sd%3D174089201447%26itm%3D133832345619%26pmt%3D0%26noa%3D1%26pg%3D2047675%26algv%3DDefaultOrganicWeb&_trksid=p2047675.c101224.m-1
>
> We believe that this new pump infringes at least two Luraco patents:
>   Patent US10278894 (shaftless)
>   Patent US10451071 (see independent claims 19 and 26, no shaft is claimed)
>
> Lots of ways of handling this. The easiest is to amend our current complaint and add it - that is if your client doesn't want to pull it from the market.
>
> Are you in agreement regarding a proposed amended complaint to be filed in the next month?
>
> We also need to work on the claim construction. I've been promising my client to get this back on track for a couple of weeks at least. When would you like to go back at it? I'll send over our new-and-improved chart tonight.
>
> Thanks,
> Warren
> Warren V. Norred, P.E.
> NORRED LAW, PLLC
> 515 East Border Street
> Arlington, Texas 76010
> 817.704.3984 office
> 817.524.6686 fax
>
> Contact us for matters involving Intellectual Property, Business Needs, Bankruptcy, and Wills & Estates.

9. While Luraco does not argue that Lexor *agreed* to the additional claims, Lexor cannot claim to be ignorant of this need to amend the complaint.



While not dispositive, judicial efficiency calls for resolution of all these claims in one suit. No depositions have been held by either party. No experts appear to have been employed on any substantive work yet. Though this suit has been filed for some time, no discovery has occurred outside the disclosures.

10. The other approach to resolving this matter is for Luraco to file a separate suit and move for consolidation - a significantly slower resolution which potentially would result in a highly inefficient series of suits on common facts in potentially different courts. Luraco notes that even during a trial, Rule 15(b) states that a court "should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits." In this case, Lexor cannot show how handling this dispute in a single case is prejudicial.

11. Luraco has not filed this motion to delay proceedings, but to hasten resolution of the entire dispute. Filing different cases would be detrimental and cause extra expense to no good cause. All of the patents involved are for spa pumps and both parties are well aware of the patent portfolio of the other.

12. Counsel for Lexor has also represented Ecojet in the previous suit, has indicated opposition to this motion.

### PRAYER

For these reasons, plaintiffs ask that the Court GRANT Counter-Plaintiffs leave to file the proposed amended complaint attached as Exhibit A, and any other relief the Court deems appropriate.

Respectfully Submitted,

/s/ Warren V. Norred
Warren V. Norred, State Bar No. 24045094, wnorred@norredlaw.com
NORRED LAW, PLLC
515 E. Border Street; Arlington, TX 76010
O: 817-704-3984 / F: 817-524-6686
*Attorney for Defendants/Counter-Plaintiffs*

Declaration in Support - I declare under penalty of perjury that the foregoing is true and correct. Executed on March 8, 2022.  -  _____
*Warren V. Norred*

Exhibits:
A - Second Amended Answer and Counterclaims

## CERTIFICATES

**SERVICE -** I hereby certify that on March 8, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Electronic Service List for this Case, which includes the following:

Andy Nikolopoulos, anikolopoulos@foxrothschild.com
Jeff Grant, jgrant@foxrothschild.com
*Attorneys for Plaintiff Lexor Manufacturing, LLC*

s/Warren V. Norred/

**CONFERENCE** – I certify that I attempted to contact Andy Nikolopoulos and Jeff Grant, plaintiff's counsel, by email on November 17, 2021, and February 21, 2022. Grant indicated opposition on February 4, 2022, and February 22, 2022.

s/Warren V. Norred/