UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS - DALLAS DIVISION

| | | |
|---|---|---|
| **LEXOR MANUFACTURING, LLC,** § | | |
| **Plaintiff,** § | | |
| § | | Case No. 3:18-CV-01933-S |
| v. § | | |
| § | | |
| **LURACO, INC.** AND § | | |
| **LURACO HEALTH & BEAUTY, LLC,** § | | |
| **Defendants,** § | | |
| § | | |
| v. § | | **JURY TRIAL DEMANDED** |
| § | | |
| **ECOJET, INC., LEXOR, INC.,** § | | |
| **Cross-Defendants.** § | | |

## DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' AMENDED MOTION TO AMEND THE COMPLAINT

Defendants and Counter-Plaintiffs Luraco, Inc. and Luraco Health & Beauty, LLC ("Luraco") file this reply ("Reply") in support of *Defendant's Amended Motion to Amend Complaint* ("Motion," ECF No. 42). This Reply answers Lexor's Response (ECF No. 43), providing additional evidence to show good cause.

As the Motion states, Luraco seeks to amend due to Lexor's new infringing products that were not available in 2018 when this suit was filed, or in 2019 when the USPTO issued the two new patents. This Reply points out that the two new patents did not issue until 2018 and the new products were not available until recently – Luraco could not possibly have added them in 2018, 2019, 2020. The facts known now show that the earliest that these products were even available was late 2021, at best.

The supporting Supplemental Declaration of Thanh Le follows as additional evidence in support and incorporates that declaration here.

## INTRODUCTION

Plaintiff Lexor Manufacturing, LLC and Cross-Defendants Ecojet, Inc. and Lexor, Inc. ("Lexor") assert in their Response that Luraco is delaying proceedings by adding these two related patents. Luraco herein shows good cause for its timing, as the accused products have only recently become known and add new facts to the case, as well as reasoning to support judicial efficiency.

As the Motion explains, Luraco only discovered in November of 2021 that Lexor is selling additional infringing products which had been previously unknown to Luraco.[1] Luraco included two new patents, US 10,278,894 and 10,451,071 which discuss shaftless spa pumps in response to Lexor's new infringing shaftless product, subject of the new proposed Amended Complaint.

Besides the Declaration of Tom Le in the proposed Amended Complaint, Luraco attach in this Reply the Supplemental Declaration of Tom Le to explain why these new products support new patent infringement claims in this suit, shown on p. 15 of ECF Doc 42-1, as well as Lexor's website,[2] which supports inclusion of these infringing shaftless products in this suit:



---

[1] *See* Defendant's Second Amended Counter-Petition (ECF No. 42-1, p. 14-15, 328-329, and 334) and Appendix.
[2] *See* https://lexor.com/products/ecojet-universal-jet-set-3-5?variant=42078522572966.

Further, the URL to Lexor's product manual for their Elite/Prestige Pedicure Spa features the date of "01-25-22".[3] The same manual has a date on its limited warranty reading "Updated: 6/22/21", while Exhibit 7 of the Amended Complaint shows an older manual with a Limited Warranty date of "05/01/2018", showing that the infringing shaftless product is a new offering to the market added only recently, adding new facts to this case which were not easily detected.

Luraco meets the standards of Federal Rule of Civil Procedure Rule 16(b)(4) and 15(a)(2) with new facts and promotion of judicial efficiency, which Plaintiff ignores and prolongs these proceedings unnecessarily. Discovery has not started nor claim construction terms been settled with the Court. Certainly, Lexor has demonstrated no great energy in its prosecution of this case. Plaintiff's own communications with Defendant's regarding these products shown that Plaintiff bares the blame of prolonging such proceedings at Defendant's expense. Defendants gave Plaintiffs the amended motion and were diligent about conferring with Lexor on the matter:

> On Mon, Dec 27, 2021 at 3:35 PM Warren Norred <wnorred@norredlaw.com> wrote:
>
> Andy, attached is the proposed Second Amended Complaint, adding the two shaftless patents. Take a look and let us know if you want to agree to amend, settle, or give up and send a check.
>
> This is a draft...there are spacing issues to be fixed before we file.
>
> I hope y'all had a good Christmas,
> Warren
>
> Warren V. Norred, P.E.
> NORRED LAW, PLLC
> 515 East Border Street
> Arlington, Texas 76010
> 817.704.3984 office
> 817.524.6686 fax

Plaintiffs in response simply participated in delay tactics to prepare their response, as seen in the emails leading up to the filing of the motion to amend and Plaintiff's ability to reply to the same day to the motion:

---

[3] https://cdn.shopify.com/s/files/1/0516/4757/8278/files/ELITE-PRESTIGE__MANUAL-01-25-22.pdf?v=1643918545

> On Wed, Jan 5, 2022 at 12:22 PM Grant, Jeff H. <jgrant@foxrothschild.com> wrote:
>
> We are reviewing with client. Please provide a redline version over the existing operative compliant so that we can isolate changes and expedite review

**Proposed Second Amended Complaint**

**Solomon Norred** <sgn@norredlaw.com>                                   Sat, Jan 8, 2022 at 11:09 AM
To: anikolopoulos@foxrothschild.com, jgrant@foxrothschild.com, Warren Norred <wnorred@norredlaw.com>, kevin.le@luraco.com, Tom Le <tom.le@luraco.com>

Jeff, we do not keep the redline version. You can pull up both documents and use a "compare" function of various PDF softwares. The only changes are the two new claim sections for the patents and a few lines for support. Enjoy the review.

Cheers.

---------- Forwarded message ---------
From: **Solomon Norred** <sgn@norredlaw.com>
Date: Mon, Dec 27, 2021 at 4:27 PM
Subject: Re: Proposed Second Amended Complaint
To: Warren Norred <wnorred@norredlaw.com>, <anikolopoulos@foxrothschild.com>, <jgrant@foxrothschild.com>
Cc: Tom Le <tom.le@luraco.com>, <kevin.le@luraco.com>

[Quoted text hidden]
[Quoted text hidden]

 PDF of SecondAmendedComplaint for Lexorv2.pdf
1677K

**Proposed Second Amended Complaint**

**Solomon Norred** <sgn@norredlaw.com>                                   Mon, Jan 17, 2022 at 12:33 PM
To: "Grant, Jeff H." <jgrant@foxrothschild.com>, Warren Norred <wnorred@norredlaw.com>, anikolopoulos@foxrothschild.com
Bcc: kevin.le@luraco.com, Tom Le <tom.le@luraco.com>

Andy? Jeff? Bueller?

Any word on our Amended Complaint? Hope vacation was good, but not so good that our demands have been forgotten.

From: **Grant, Jeff H.** <jgrant@foxrothschild.com>
Date: Mon, Jan 17, 2022 at 12:35 PM
Subject: RE: [EXT] Re: Proposed Second Amended Complaint
To: Solomon Norred <sgn@norredlaw.com>, Warren Norred <wnorred@norredlaw.com>, Nikolopoulos, Andy <anikolopoulos@foxrothschild.com>

Not forgotten. We are trying to sort out the new patents and what relates to the supposedly new Ecojet product. Unfortunately the new pleading allegations are scarce so its left to us to figure out how each patent relates to each product iteration.

**Grant, Jeff H.** <jgrant@foxrothschild.com>                               Fri, Feb 4, 2022 at 2:31 PM
To: Solomon Norred <sgn@norredlaw.com>, Warren Norred <wnorred@norredlaw.com>, "Nikolopoulos, Andy" <anikolopoulos@foxrothschild.com>

We will oppose.

---

Not only does it seem that Lexor's counsel is unaware of Lexor's offerings, but it is also evident that opposing counsel purposefully delayed responding to the request to confer for over a month in order to prepare their response; they had the proposed Amended Complaint for six weeks and filed their Response *the same day* that Luraco filed its Motion, all the while delaying the filing. (See ECF Doc. 42 and 43, both filed March 8, 2022).

Luraco has shown that Lexor's new shaftless products are relatively new and any "failure" to discover them is reasonable. Though the two new patents may also catch other Lexor products in their sights, those other products are likely already part of the suit, as the main difference is the absence of the shaft in the "wet end" of the pump. Adding these patents adds no new accused products, other than the new products targeted in this amendment. As such, including the US 10,278,894 and US 10,451,071 is appropriate in this suit.

There is no prejudicial delay in preemptively consolidating litigation and Luraco meets the standards of Federal Rule of Civil Procedure Rule 15.

## ADDITIONAL ARGUMENT

Defendants have shown good cause to satisfy 16(b)(4) and satisfy Rule 15(a)(2) with new facts and by promoting judicial efficiency.

Lexor has begun selling shaftless infringing products on ebay and their website[4], <u>this is a new fact to the lawsuit</u>; it is appropriate to amend the pleadings in light of newly arising relevant facts. As the attached Declaration of Thanh Le shows, these new products were not announced by any great fanfare or ceremony. These are not earth-shattering new product that warrants attention from end users, nor are they listed as new products on Lexor's site under its Special Promotions

---

[4] ECF No. 42-1, pages 14-15, 328-329, and 334; https://lexor.com/products/ecojet-universal-jet-set-3-5?variant=42078522572966

section or otherwise easily located. As shown above and in the Declaration, the parts are simply sold as replacement kits. The Court can also see that the instruction manual that includes a description of the shaftless motor was uploaded to the Lexor site shows a creation date of January.[5]

No party will be prejudiced by this showing of new facts by solving this legitimate intellectual property dispute between the parties here and now. Plaintiff conveniently ignores the ongoing pandemic that has affected market interactions and judicial proceedings as a whole and refuses to acknowledge the evidence or their own actions.

### A. Luraco has shown good cause to join an additional necessary party and additional patents to satisfy Rule 16(b)(4) and 15(a)(2).

Lexor correctly states the four factors to determine good cause yet chooses to look past the substance of Defendant's complaint. The importance of the amendment cannot be understated. *See S&W Enters., L.L.C. v South Trust Bank of Ala., NA,* 315 F.3d 533, 536-37 (5th Cir. 2003).

These requests were not made in bad faith, as the Motion shows Defendants' attempts to communicate with Plaintiffs regarding the newly discovered products. This case is more than two years old and the history of infringement even longer; but these new products are new facts. The new shaftless products on ebay show Ecojet as a source and the new website[6] photo above similarly shows Lexor is selling the product. These new facts warrant appropriate amendment.

This case is different from *S&W Enterprises,* where the plaintiff did not offer adequate explanation when no new facts existed to justify a new amendment. 315 F.3d at 536. In this case, Defendants have shown that facts justifying the Amendment were not true at the beginning of the case; Lexor began selling these infringing products recently and were undiscoverable before.

---

[5] https://cdn.shopify.com/s/files/1/0516/4757/8278/files/ELITE-PRESTIGE__MANUAL-01-25-22.pdf?v=1643918545
[6] https://lexor.com/products/ecojet-universal-jet-set-3-5?variant=42078522572966

This case also differs from *STMicroelectronics, Inc v. Motorola, Inc.*, 307 F.Supp.2d 845 (E.D. Tex. 2004), as Defendants have offered statements here and, in Luraco's Motion to Amend regarding the diligence of the filing, showing the communication of the parties regarding the newly discovered infringing shaftless products and the testimony of Tom Le regarding the newly discovered evidence. *See* Declaration of Tom Le, attached herein.

Not only is the information new, but it was not even a truth when this case began. The Court should note that Lexor's complaint is that the new patents asserted will also find older products in its range of fire, but Lexor has not asserted that the new accused shaftless product has been available to the market for years – a tacit admission that the product is relatively new; at least some of the product literature is dated January of 2022.[7]

In more normal times, a new product would be more easily discovered as competitors would likely run into each other in attempts to sell product. The Court can take judicial notice that the last two years brought with it pandemic limitations on commercial activity and use of spas, necessarily leading to diminished activity as resulted in less business and opportunity to recognize from where competition has come. Luraco has shown good cause to add the additional patents.

**B. <u>Lexor cannot argue its burden would be less if Luraco engaged Lexor in two suits instead of one; to oppose the motion is to favor increase costs.</u>**

Lexor cannot offer any good reason why this case should be two cases instead of one. The newly discovered products are offered by all of the Plaintiffs/Counter-Defendants, and they will have identical arguments regarding the newly needed patents. This court and the entire judicial system will benefit with the opportunity to consolidate and solve this dispute here and now. Plaintiff ignores the recent discovery of new products, and its Response does not address this fact.

---

[7] See Appendix, Supplemental Declaration of Tom Le

Lexor's argument can be summarized as, "Luraco failed to show good cause because one line in the declaration is not enough evidence." Lexor ignores the new photos shown in the complaint showing the new products and they cannot excuse the offering on their own website or the new product manuals. Further, the Declaration of Tom Le and the parties' own communications evidence Luraco's new discovery of the infringing shaftless product. Lexor is complaining that Luraco did not notice Lexor's silent entrance of a spa pump replacement kit that was not announced to the market in any tangible way. Even then, Defendants acted immediately upon learning of the new information, any illegitimate delay has only come from Plaintiffs.

Mr. Luong's desire to delay resolution and prevent consolidation serves his infringing companies' goals of infringing as long as possible. The two cases, if unconsolidated, allows Luong to shift his infringing product from shaft to shaftless without skipping a beat if he loses this case.

This Court is not obligated to make an infringer's ongoing infringement easier. Defendants and Counter-Plaintiffs Luraco ask the Court to add the two new patents arising from the new facts.

Respectfully submitted,

Warren V. Norred
NORRED LAW, PLLC; 515 E. Border; Arlington, TX 76010
817-704-3984, wnorred@norredlaw.com
*Attorney for Defendants/Counter-Plaintiffs*

**Declaration (28 U.S.C.S. § 1746)** - My name is Warren V. Norred. I declare under penalty of perjury under the laws of the United States that all quoted are true and correct.

Executed on March 22, 2022,

_____
Warren V. Norred

Appendix Attachments:

1) Declaration of Tom Le, dated March 22, 2022

**CRTIFICATE OF SERVICE -** I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Electronic Service List for this Case, which includes the following:

Andy Nikolopoulos
State Bar No. 24044852
anikolopoulos@foxrothschild.com
FOX ROTHSCHILD LLP
Two Lincoln Centre
5420 LBJ Freeway, Suite 1200
Dallas, Texas 75240
972/991-0889
972/404-0516-Fax

Jeff Grant *(Pro hac vice)*
jgrant@foxrothschild.com
FOX ROTHSCHILD LLP
10250 Constellation Blvd.
Suite 900
Los Angeles, CA 90067
310/228-4483
310/556-9828 - Fax
*Attorneys for Plaintiff Lexor Manufacturing, LLC*

Dated:  March 22, 2022                          /s/Warren V. Norred
                                                Warren V. Norred