IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEXOR MANUFACTURING LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-CV-1933-N |
| | § | |
| LURACO, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

This Order addresses Defendants Luraco, Inc. and Luraco Health & Beauty LLC's (collectively "Luraco") amended motion for leave to file its second amended complaint [42]. Because Luraco has not shown good cause under Rule 16(b), the Court denies the motion.

## I. ORIGINS OF THE MOTION

This is a patent infringement case. Plaintiff Lexor Manufacturing LLC ("Lexor") alleged that Luraco infringed Patent No. RE46,655. Luraco asserted a counterclaim, alleging that Lexor infringed Patent No. 9,926,933. In April 2021, the Court granted Luraco leave to amend its complaint to add two additional parties and four additional patents. Order Granting Mot. for Leave [37]. The Court then issued a Scheduling Order on May 28, 2021. Agreed Scheduling Order [39]. Under this Scheduling Order, the parties were required to file motions for leave to amend pleadings within 180 days. *Id* at 1. The Scheduling Order specifically notes that motions for leave to amend pleadings after the

ORDER – PAGE 1

deadline "must show good cause pursuant to Rule 16(b)." *Id*. at 2. Thus, the last day to move to amend pleadings under Rule 15(a) was November 24, 2021.[1] Luraco filed its initial motion on February 15, 2022, and its amended motion on March 8, 2022. Luraco seeks leave to file a second amended complaint with two additional patents: Patent Nos. 10,278,894 (the "'894 Patent") and 10,451,071 (the "'071 Patent"). Defs.' Am. Mot. for Leave ("Mot. for Leave") 1.

## II. LEGAL STANDARD FOR MOTIONS FOR LEAVE

The Scheduling Order provides that the parties must file any motions for leave to amend within 180 days of the Order. Agreed Scheduling Order 1. Otherwise, parties must show good cause pursuant to Rule 16(b). *Id*. at 2. In order to find good cause, the Court looks to four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003) (internal quotations omitted). The district court has broad discretion in deciding whether to allow a party to amend after the scheduling order deadline has expired. *See id.* The Court may consider the factors holistically. *Johnson v. Karr*, 2017 WL 2362043, at *5 (N.D. Tex. 2017).

## III. THE COURT DENIES THE MOTION FOR LEAVE

The Court determines that there is not good cause to grant leave. Luraco claims that it seeks to add the '894 Patent and '071 Patent in response to newly discovered infringing

---

[1] The parties incorrectly refer to the deadline as August 25, 2021, but this date is only 90 days after the Scheduling Order.

ORDER – PAGE 2

products. Mot. for Leave 1. However, the proposed amended complaint applies these patents to the *originally* accused products. Proposed Am. Compl. 43-44 [42-1]. Luraco has not provided any explanation for why it did not timely raise these allegations. The '894 and '071 Patents have existed since 2019, and Luraco included the original products in its 2021 amended complaint. *See* Defs.' Reply Br. 1. Further, Luraco claimed the original products infringed its '071 Patent in 2020, when it filed a similar complaint with the U.S. International Trade Commission. *See* USITC Compl. Ex. A 1 [43-1]. Therefore, Luraco already had information regarding the original products' alleged infringement of the new patents but failed to file before the deadline. Without an explanation for missing the deadline, Luraco cannot show good cause for adding the new patents. *See EEOC v. Service Temps, Inc*. 2009 WL 3294863, at *2 (N.D. Tex. 2009) (holding that the plaintiff lacked good cause because he had the relevant facts in advance of the deadline).

Moreover, Luraco lacks good cause for applying the '894 Patent and '071 Patent to the newly discovered products. As an initial matter, the Court finds that the addition of new products comes too late in the litigation. This case has been ongoing since 2018 and the Court has already permitted Luraco to delay proceedings with its previous motion to amend after the deadline. Further, Luraco has not shown that, despite its reasonable diligence, it could not have met the scheduling order deadline. Emails included in the motion show that Luraco communicated with opposing counsel about the new products on November 17, 2021—several days before the deadline. Mot. for Leave 3. Luraco thus had knowledge of the new products before the deadline and lacks good cause to amend the complaint. *See Service Temps, Inc.*, 2009 WL 3294863, at *2.

ORDER – PAGE 3

## CONCLUSION

Because Luraco has not established good cause under Rule 16(b), the Court denies its motion for leave to file a second amended complaint.

Signed September 21, 2022.

_____
David C. Godbey
Chief United States District Judge